IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Hillman,

    Petitioner,

v.

Warden, Chillicothe Correctional
Institution,

    Respondent.

Case No. 2:08-cv-987

Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

On November 20, 2009, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on petitioner's motion to proceed *in forma pauperis* on appeal, his request for a certificate of appealability, his motion for correction or modification of the records, and his motion to hold respondent in contempt. Doc. Nos. 34, 35, 37, 38. For the reasons that follow, petitioner's request to proceed *in forma pauperis*, his request for a certificate of appealabililty, and his motion for correction or modification of records and hold respondent in contempt, Doc. Nos. 34, 35, 37, 38 all are **DENIED**.

In this habeas corpus petition, petitioner asserts:

> 1. Ineffective assistance of trial counsel.
>
> Trial counsel's failure to file pre-trial and post-trial motions, such as a motion to suppress the out-of-court identification of the alleged victim and the testimony resulting therefrom.
>
> When counsel allowed and contributed to perjured testimony by state witnesses.
>
> Failing to make timely objections to improper and misleading statements by the prosecutor during trial and closing

arguments.

Counsel aided in excluding exculpatory evidence, not requesting lesser included offense instructions, not requesting a[n] eyewitness expert, not filing affidavits.

2. Prosecutorial misconduct.

Prosecutor knowingly used false material evidence.

Prosecutor knowingly allowed and contributed to perjured testimony by state witnesses.

Prosecutor repeatedly made improper and misleading statement to the jury during trial and closing arguments.

Prosecutor knowingly concealed favorable evidence from defense during discovery.

Prosecutor failed to preserve exculpatory evidence.

Entered illegal nolle.

3. Conviction was against the manifest weight of the evidence/no evidence rule.

Nobody ever said I committed the criminal offense, but merely state that I was built like the person the alleged victim claims he "thought he saw." There was no legal evidence presented, no direct evidence presented as even the trial judge state on the records, no corroborating witness and false testimony and documents were provided to the jury to deliberate and the state nolled the second count of the indictment and reinserted [sic].

4. Abuse of trial court's discretion (no evidence rule).

Ruling against defense Criminal rule 29 motion at conclusion of state case.

Failing to rule on defendant's objection to defense counsel's and prosecution exclusion of the police report.

For not including the lesser degree of burglary instruction after the state nolled the theft offense.

Not making an official inquiry to allegations that prosecutor and defense counsel conspired to produce conviction.

Allowing the state to continue prosecuting after victim failed to make an in court identification.

For allowing defendant to be convicted on a defective indictment.

5. Appellant states his conviction as defined by O.R.C. Section 2911.12(A)(2) was not supported by the sufficiency of the evidence (no evidence rule)(actual innocence).

6. The appellant contends that the state of Ohio lacked procedural and subject matter jurisdiction to place appellant on trial and continue trial after a nolle prosequi was entered during the trial, without first seeking re-indictment. And double jeopardy....

7. The appellant contends the appellate court denied him due process and equal protection of the law in 4 instances and thus violated his Sixth and 14th Amendment rights 1. By denying appellant new appellate counsel after learning there was a serious personal conflict between attorney and client.... 2. When appellate court denied appellant's motion to strike appellee's brief which falsified the testimony and evidence given at trial, and based its opinion on such false evidence provided by appellee.... 3. When appellant [sic] court ruled against appellant's argument that his conviction was against the manifest weight of evidence. By failing to detect and disregard the false testimony and evidence.... 4. Denying appellant's argument that the trial court lacked subject matter and procedural matter jurisdiction and appellant's double jeopardy issues (were not even addressed) by the appellate court (structural error).

8. The appellant contends the trial court's dismissal of his post conviction motion was an abuse of discretion and violated the 14th Amendment when the trial court deliberately ignored petitioner's evidence in support of his claims for relief, and 2 when the trial court violated O.R.C. 2953.21(C) and dismissed the petition without reviewing the entire records....

9. The appellant contends the trial court errored [sic] in not granting him summary judgment and thus violated appellant's

> rights to due process and equal protection of the law under the 14th Amendment to the U.S. Constitution....
>
> 10. The appellant contends that the appellate court denied him due process and equal protection of the law when it refused appellant's application for reconsideration, when the appellate court refused to comply with Appellate Rule 12 and address all the appellant's assignment of errors....

On November 20, 2009, the Court dismissed all of petitioner's claims on the merits.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.* Petitioner has failed to meet this standard here. Therefore, his request for a certificate of appealability is **DENIED**.

Further, pursuant to 28 U.S.C. §1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24 also provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is

4

filed-- certifies that the appeal is not taken in good faith[.]

Fed. R. App. P. 24(a)(3)(A). In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. See *Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir.1983).

*Frazier v. Hesson*, 40 F.Supp.2d 957, 967 (W.D. Tenn. 1999). However,

> "[t]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir.2000).

*Penny v. Booker*, No. 05-70147, 2006 WL 2008523, at *1 (E.D. Michigan, July 17, 2006).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that the appeal is not in good faith. Therefore, petitioner's request to proceed *in forma pauperis* on appeal is also **DENIED**.

Petitioner has also filed a motion for correction or modification of records in which he appears to contend that this Court improperly denied his motions to strike respondent's return of writ as constituting a "deliberate fraud upon the Court by making material misstatements of facts." *See* Doc. No. 35. This motion likewise is **DENIED**.

Additionally, petitioner again requests respondent be held in contempt for

5

"tampering ... or fabricating" testimony of prosecution witnesses and fraudulently concealing facts regarding his case. *See* Doc. No. 38. 18 U.S.C. §401 provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Petitioner's allegations are entirely without support.

Therefore, petitioner's request to proceed *in forma pauperis*, his request for a certificate of appealabililty, and his motion for correction or modification of records and to hold respondent in contempt, Doc. Nos. 34, 35, 37, 38, all are **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
Michael H. Watson, Judge
United States District Court