IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT HILLMAN,

    Petitioner,

  v.

WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,

    RESPONDENT.

CASE NO. 2:08-CV-00987
JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

## REPORT AND RECOMMENDATION

On November 20, 2009, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 31. On March 12, 2010, the Court denied Petitioner's *Motion for Leave to Appeal in forma pauperis, Motion for Certificate of Appealability, Motion for Contempt*, and *Motion to Amend/Correct*. Doc. No. 40. On March 23, 2011, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. Doc. No. 42. On January 18, 2012, the United States Supreme Court denied *certiorari*. Doc. No. 44.

This matter now is before the Court on Petitioner's May 13, 2014, *Motion to Recall the Court's Prior Mandate*. Doc. No. 45. For the following reasons, the Magistrate Judge **RECOMMENDS** that Petitioner's motion, Doc. No. 45, be transferred to the Court of Appeals as a successive petition.

Petitioner requests that this Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, "recall its November 20, 2009" final judgment of dismissal and conduct a second review of Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254. *Id.* PageID# 817. In support of this request, Petitioner asserts that he is actually innocent of the charges against him

1

and that "there was undisputable evidence of fr[au]d." PageID# 817. Petitioner argues, therefore, that extraordinary circumstances justify reopening his § 2254 petition. Petitioner contends that this motion does not constitute a successive petition. He asserts that he was denied representation of counsel on appeal; that Respondent violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to comply with habeas corpus rules and hiding the truth from this Court, PageID# 819-20; and he again argues, as he did previously, that the evidence is constitutionally insufficient to sustain his convictions and that he was convicted on the basis of unduly suggestive identification procedures. PageID# 820-21.

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> Relief From a Judgment or Order
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Rule 60(b) "allows a part to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005)(footnote omitted). However, where a Rule 60(b) motion raises a new claim for relief, or asserts that the District Court erred in resolving prior claims for relief, the motion is to be considered as a successive or second petition and transferred to the United States Court of Appeals for authorization for filing. "Where a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time. . . it is properly considered a second or successive habeas motion." *Hourani v. United States,* 239 Fed.Appx. 195, 197 (6th Cir. 2007)(citing *Gonzalez,* 545 U.S. at 532)); *Moore v. United States,* No. 3:05-cv-00805, at *2 (M.D. Tenn. July 18, 2013)(citing *Gonzalez*, at 532)(same); *Loch v. Hurley*, 2008 WL 39126424, at *1-2 (S.D. Ohio Aug. 25, 2008)(citing *Gonzalez*, 545 U.S. at 532)(same).

Because Petitioner now seeks review of claims already rejected on the merits in his § 2254 petition or presents new claims for relief, this action constitutes a second or successive petition subject to authorization from the United States Court of Appeals for the Sixth Circuit for filing. Although Petitioner does assert that his convictions result from fraud in the proceedings, the fraud he refers to involves the factual conclusions of the state appellate court used to affirm his convictions. *Motion to Recall the Court's Prior Mandate*, Doc. No. 45, PageID# 818. This does not constitute a basis for consideration of his motion under Rule 60(b).

Before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a

successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States,* 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) ( *per curia* ). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S .C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

111 F.3d at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996).

**WHEREUPON**, the Magistrate Judge recommends that Petitioner's *Motion to Recall the Court's Prior Mandate*, Doc. No. 45, be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for authorization for filing pursuant to § 2244(b)(3)(A).

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                  **/s/ Terence P. Kemp**
                                                  United States Magistrate Judge

Case: 2:08-cv-00987-MHW-TPK Doc #: 47 Filed: 07/02/14 Page: 6 of 6  PAGEID #: 830